UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICHAEL ALLEN,<br><br>              Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>              Defendant. | Case No.: 21cv1271-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT**<br><br>**[ECF No. 21]** |

Pending before the Court is Plaintiff's Motion to Amend Judgment. ECF No. 21. The Court issued a briefing schedule. ECF No. 22. Pursuant to that order, Defendant filed an opposition and Plaintiff filed a reply. ECF Nos. 23, 24. After due consideration, the Court **DENIES** the motion.

**I.     Background**

In this instant case, Plaintiff sought review of his Title II disability and Title XVI supplemental security income application filed on May 31, 2019, alleging a disability commencing January 1, 2015. AR 611-14, 615-21. The Commissioner denied the claims initially on September 12, 2019, AR 505-510, and upon reconsideration on December 2, 2019. AR 513-19. On January 20, 2020, Plaintiff requested a *de novo* hearing before an Administrative Law Judge ("ALJ"). AR 520. On March 2, 2021, the ALJ issued an

unfavorable decision denying Plaintiff's request for disability benefits. AR 29-47. On April 22, 2021, Plaintiff requested review of the ALJ's decision. AR 607-610. The Appeals Counsel denied Plaintiff's request for review on June 7, 2021. AR 1-6.

In the ALJ's decision, he found that Plaintiff's obstructive sleep apnea and incipient degenerative disc disease were severe impairments that significantly limited his ability to perform basic work activities. AR 35. While there was evidence in the record of other medically determinable impairments of hypertension, diabetes, and borderline obesity, the ALJ determined these conditions were managed medically and considered singly or in combination did not cause more than minimal limitation in his ability to perform basic work activities, so they were therefore non-severe. AR 36. Additionally, the ALJ found that Plaintiff's medically determinable mental impairments of mood disorder with depressive and bipolar traits; anxiety disorder, and post-traumatic stress disorder ("PTSD"), with insomnia caused no more than minimal limitation in Plaintiff's ability to perform basic mental work activities and are therefore non-severe. The ALJ determined that Plaintiff retained the RFC to perform medium work—the ability to lift and carry fifty pounds occasionally and twenty-five pounds frequently—as defined in 20 C.F.R. § 404.1567c and 416.967c except:

> [H]e is limited to frequently climbing ramps or stairs; occasionally climbing ladders; never climbing ropes or scaffolds; frequently balancing, stooping or crouching; occasionally kneeling or crawling; must avoid work at unprotected heights or around dangerous moving machinery; limited to occasional pushing and pulling with the lower extremities; and must avoid concentrated exposure to dust, odors, fumes or pulmonary irritants.

AR 38. Based on this RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and therefore, he was not disabled. AR 42.

Plaintiff then appealed the ALJ's decision to this Court. On March 9, 2023, the Court issued an order denying Plaintiff's motion for summary judgment and directing the Clerk to enter judgment in the case. ECF Nos. 19, 20. In that order, the Court considered

several arguments raised by Plaintiff in his merits brief.  First, the Court found that the ALJ properly considered Plaintiff's Lumbar and Cervical Impairments in determining his RFC.  AR 19 at 19-21.  Second, the Court found that the ALJ's finding that Plaintiff's mental impairment was not severe was supported by substantial evidence.  *Id.* at 21-24.  Finally, the Court found that the ALJ properly weighed Plaintiff's subjective symptom and pain testimony.  *Id.* at 24-27.

Thereafter, on March 30, 2023, Plaintiff filed the instant motion to amend the judgment.  ECF No. 21.  The basis of the motion is a subsequent decision by the Social Security Administration dated August 23, 2022, which found Plaintiff disabled as of July 22, 2021.  *Id.*

## II. DISCUSSION

Plaintiff argues that the subsequent August 23, 2022 decision warrants an alteration of the previous judgment under Federal Rule of Civil Procedure 59(e) because the new decision is new and material evidence that warrants a remand to determine if the two decisions may be reconciled.  ECF No. 21.  Plaintiff submits that the decisions are in tension because they are "diametrically opposed" at "adjacent" periods of time and the disabilities alleged by Plaintiff in the two applications were of the "same type and quality of evidence."  *Id.*  at 5-6.

Defendant objects to the request on several grounds.  First, Defendant argues that the "new" evidence is not new nor material.  The subsequent decision is dated August 23, 2022, months before this Court entered judgment, and Plaintiff does not explain why it took months to file this motion. ECF No. 23 at 2-3.  Second, Defendant argues that the decisions are reconcilable because they are based on different time periods, with a 5-months delta between the determinations, and the subsequent August 23, 2022 decision cited to updated medical evidence.  *Id.* at 3-5.  Finally, Defendant argues that Plaintiff also changed age categories between the two decisions.  *Id.* at 5.

Under 42 U.S.C. § 405(g), a court may "remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at

any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See Luna v. Astrue*, 623 F.3d 1032, 1034 (9th Cir. 2010); *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001), *as amended* (Nov. 9, 2001).  New evidence is considered "material" when it "'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" *Bruton*, 268 F.3d at 827 (alterations and omission in original) (quoting *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984)).

The parties both rely on *Luna* and *Bruton*, arguing that the situation here is more akin to one verses the other.  In *Bruton*, the Ninth Circuit held that a subsequent decision that resulted in a disability finding did not warrant remand where the second application "involved different medical evidence, a different time period, and a different age classification." 268 F.3d at 827.  In that case, Bruton's first application alleged an onset disability date of April 6, 1993, and resulted in a written decision, dated April 9, 1996, that Bruton was not disabled. *Id.* at 826.  Subsequently, on February 26, 1999, the ALJ awarded benefits on his second application, finding that he was disabled as of April 10, 1996. *Id.* at 827.  In *Luna*, the Ninth Circuit differentiated the situation from *Bruton*. Luna's first application alleged an onset date of March 26, 2003 and the ALJ denied her claim on January 27, 2006.  623 F.3d at 1033-34.  Luna filed a second application, which was granted on August 20, 2007, and found her disabled as of January 28, 2006. *Id.* at 1034.  The *Luna* court distinguished *Bruton*, finding that it could not determine "based on the record before us whether the decisions concerning Luna were reconcilable or inconsistent." *Id.* at 1035.  Noting that there was only one day between the denial of the first application and the onset allegation date for the second application, the court emphasized that "she may have presented different medical evidence to support the two applications, or there might be some other reason to explain the change" and that remand

was proper in this circumstance for further factual proceedings. *Id.*

As expected, Plaintiff argues that this situation is more akin to *Luna*, while Defendant argues that the situation is more akin to *Bruton*. Based on a review of these two cases, the Court finds that what is most relevant here is whether the two conflicting decisions considered the same or different medical evidence. In Defendant's opposition, Defendant submits the second determination and a review of that record reveals that there was additional evidence that was considered, including the following:

- Plaintiff answered "yes" to the question "Since you last told us about your medical conditions, has there been any CHANGE (for better or worse) in your physical or mental condition?" He stated that the date of the change was on October 29, 2021 and that the change was "Claimants' diabetes is progressively getting worse. He is experiencing constant back pain and discomfort. He is unable to focus and concentrate." ECF No. 23-1 at 3.
- Plaintiff answered "yes" to the question "Since you last told us about your medical conditions, do you have any NEW physical or mental conditions? He stated that the new condition started in October 2021 and he was recently diagnosed with diabetes. *Id.* at 3-4.
- In the findings of fact and analysis of evidence, Medical Consultant V. Michelotti had a physical consult with Plaintiff and noted that there was "increasing back pain" including "radiation of back pain to LLE." *Id.* at 12.

> Noted decreased ROM of neck with pain. Noted that SLR is positive seated and supine. Noted changes consistent with OA with nodes in 3rd and 4th digits with deviation. Strength was 4/5 in left hand, and 4-5 in LLE. Sensation was severely decreased io LLE, and in bilateral feet. Assessment indicates decreased ROM left knee as well. MSS is somewhat confusing, as it posits L/C 50 occ, but only occ climbing. stooping and kneeling. Stooping is necessary to lift 50 pounds. In addition, OA with arthritis will limit ability to lift.

- Dr. Michelotti stated that "[t]here has been a material change since the ALJ decision." *Id.*
- Dr. Michelotti also noted that the x-ray showed left knee OA (osteoarthritis), severe multilevel ddd (degenerative disc disease) with spondyliolisthesis. *Id.* It was noted that "Claimant did not have radicular symptoms at prior PE. However, radicular symptoms now present are consistent with severe ddd and spinal instability." *Id.*
- Dr. Michelotti concluded that Plaintiff "reasonably requires a more restrictive RFC." *Id.*
- Plaintiff's RFC was assessed down to a light work level, where he could only occasionally lift twenty pounds and frequently lift 10 pounds, with additional limitations. *Id.* at 16-19.

Thus, the Court finds that the new evidence that was considered in the second decision that found Plaintiff disabled distinguishes this case from *Luna*. Unlike in *Luna*, where the record was lacking and did not permit the court to determine the basis for the second conflicting decision, that is not so in this case. The Court finds this factor more determinative than the other factors regarding the close proximity of the disability periods or the age classification.[1]

//
//
//
//
//

---

[1] The Court also notes that Defendant takes issue with Plaintiff's timing of bringing this motion when the second favorable determination was dated August 23, 2022. However, Plaintiff's counsel does state under the penalty of perjury that he did not receive the decision until March 20, 2023. ECF No. 21 at 7. Counsel does not explain the delay for why it took months to receive the determination, but the Court will grant him the benefit of the doubt as to his representation to the Court.

## III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to amend the judgment.

**IT IS SO ORDERED.**

Dated: June 15, 2023

Hon. Nita L. Stormes
United States Magistrate Judge